UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

KENNETH B. NELSON,

    Plaintiff,

v.                                                  CIVIL ACTION NO. 2:24-cv-00222

JOHN DOE – ESURANCE PROPERTY
AND CASUALTY, and LEWIS and KELLER-LAW
FIRM JOHN DOE/JANE DOE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are (1) Defendant Lewis and Keller-Law Firm's ("Lewis and Keller") Motion to Dismiss and, in the Alternative, Motion for Summary Judgement [ECF 9], and (2) Defendant John Doe-Esurance Property & Casualty's ("Esurance") Motion to Dismiss [ECF 15]. Plaintiff Kenneth B. Nelson responded in opposition to Lewis and Keller's Motion [ECF 20] on November 6, 2024, to which Lewis and Keller replied on November 27, 2024. [ECF 24]. Mr. Nelson did not respond to Esurance's Motion.

I.

This matter was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and recommendations ("PF&R"). Magistrate Judge Tinsley filed his PF&R on April 23, 2025, recommending the Court grant both Defendants' Motions to Dismiss, dismiss Mr. Nelson's Complaint, and remove this matter from the docket. [ECF 33]. Mr. Nelson timely objected to the PF&R on May 12, 2025. [ECF 35].

II.

A.   *Governing Standard*

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

B.   *Esurance's Motion to Dismiss*

Mr. Nelson's claims against Esurance and Lewis and Keller arise from the purported unauthorized settlement of his insurance claim by his Power of Attorney ("POA") Gary Nelson for injuries sustained from an April 29, 2021, car accident. Specifically, Mr. Nelson contends the POA document utilized to settle his claim is fraudulent given his signature thereon was forged. Both Esurance and Lewis and Keller seek dismissal of his claims.

Mr. Nelson first objects to the Magistrate Judge's finding that his claims against Esurance should be dismissed with prejudice for failure to prosecute under *Federal Rule of Civil Procedure* 41(b). He contends dismissal on that ground is improper inasmuch as he never received a copy of Esurance's Motion. [ECF 35 at 1]. On October 18, 2024, Esurance moved to dismiss [ECF 15], triggering entry of the Magistrate Judge's customary *Roseboro* Notice [ECF 18] on October 24, 2024. Within that Notice, the Magistrate Judge explicitly warned Mr. Nelson that his

failure to respond to Esurance's Motion "**WILL** likely result in . . . [a] recommendation to the presiding District Judge that this civil action be dismissed for, *inter alia*, failure to prosecute pursuant to Rule 41(b) . . . ." [*Id*. at 1 (emphasis in original)].[1] Notwithstanding this express warning, Mr. Nelson failed to respond, despite his active and timely engagement in this action otherwise. Moreover, at no point does the docket reflect Esurance's Motion, nor the Magistrate Judge's Notice, were returned as undeliverable to Mr. Nelson at his place of incarceration.[2]

Nevertheless, in light of Mr. Nelson's assertion that he never received Esurance's Motion to Dismiss, the Court **DIRECTS** a copy of the Motion [**ECF 15, 16**] be resent to Mr. Nelson and **GRANTS** him leave to respond to the same **on or before July 30, 2025**. Upon receipt, the Court will undertake a de novo review of both Mr. Nelson's response and his outstanding objections to the PF&R. Mr. Nelson is again **ADVISED** that failure to respond to the Motion will likely result in dismissal of his claims against Esurance for failure to prosecute under Rule 41(b).

The Clerk is directed to send a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: July 16, 2025



Frank W. Volk
Chief United States District Judge

---

[1] Notably, Mr. Nelson does not contest he received the Magistrate Judge's Notice, alerting him to the filing of Esurance's Motion and his need to respond thereto.

[2] The only piece of mail that has been returned as undeliverable to Mr. Nelson is the Magistrate Judge's November 13, 2024, Order [ECF 22], granting Mr. Nelson's request to provide corrected, service of process addresses for two prior named defendants. [*See* ECF 25]. The docket entry notes the same was mailed to Mr. Nelson's place of incarceration but "refused." [*Id*.].