UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

KENNETH B. NELSON,

    Plaintiff,

v.                                                                      CIVIL ACTION NO. 2:24-cv-00222

JOHN DOE – ESURANCE PROPERTY
AND CASUALTY, and LEWIS and KELLER-LAW
FIRM JOHN DOE/JANE DOE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are (1) Defendant Lewis and Keller-Law Firm's ("Lewis & Keller") Motion to Dismiss and, in the Alternative, Motion for Summary Judgement [ECF 9], and (2) Defendant John Doe-Esurance Property & Casualty's ("Esurance") Motion to Dismiss [ECF 15]. Plaintiff Kenneth B. Nelson responded in opposition to Lewis & Keller's Motion [ECF 20] on November 6, 2024, to which Lewis & Keller replied on November 27, 2024. [ECF 24]. Mr. Nelson did not originally respond to Esurance's Motion.

I.

This matter was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and recommendations ("PF&R"). Magistrate Judge Tinsley filed his PF&R on April 23, 2025, recommending the Court grant both Defendants' Motions to Dismiss, dismiss Mr. Nelson's claims against them with prejudice, and

remove this matter from the docket. [ECF 33]. Mr. Nelson timely objected to the PF&R on May 12, 2025. [ECF 35].

Respecting Mr. Nelson's claims against Esurance, Magistrate Judge Tinsley recommended dismissal for failure to prosecute under *Federal Rule of Civil Procedure* 41(b) given Mr. Nelson's failure to respond to Esurance's Motion as directed. In his May 12, 2025, objections, however, Mr. Nelson asserted he had never received a copy of Esurance's Motion. On July 16, 2025, the undersigned thus entered an Order [ECF 37] directing a copy of Esurance's Motion be resent to Mr. Nelson and granted him leave to respond by June 30, 2025, at which point the Court would undertake a de novo review of both his response and initial objections. On July 28, 2025, Mr. Nelson timely responded [ECF 38] to Esurance's Motion.[1]

## II.

### A.  *Governing Standards*

#### 1.  **Motion to Dismiss**

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Any defense presented under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Thus, the motion to dismiss must be filed before any answer to the complaint is filed. Additionally, and as an aside, any answer must be filed within twenty-one days of the issuance of the summons, except for situations wherein that timeline

---

[1] Mr. Nelson filed an identical response [ECF 39] three days later on July 25, 2025, the only difference being the attachment of the certificate of service as an exhibit.

is enlarged by the court. Fed. R. Civ. P. 12(a).

The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *McCleary-Evans*, 780 F.3d at 585; *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 122, 141 S. Ct. 1376 (2021); *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Robertson*, 679 F.3d at 288.

The decision in *Iqbal* provides some additional markers concerning the plausibility requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

3

> misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief. . . .'"
>
> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678–79 (citations omitted).

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555-56); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (citing *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Where, as here, a plaintiff is proceeding *pro se*, his filings are afforded a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal citations and quotations omitted).

Lastly, when assessing a motion to dismiss, the court is generally limited to a review of the factual allegations contained on the face of the complaint, but it may properly consider documents attached to the motion so long as they are both "integral to the complaint and

4

authentic." *Goines v. Valley Community Services Bd.*, 822 F.3d 159, 164 (4th Cir. 2016) (internal citations and quotations omitted).

### 2. PF&R Objections

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### B. *Esurance's Motion to Dismiss*

Mr. Nelson's claims against Esurance and Lewis & Keller arise from the purported, unauthorized settlement of his personal injury claim by his designated Power of Attorney ("POA") and brother, Gary Nelson,[2] for injuries sustained from an April 29, 2021, car accident. According to Mr. Nelson's Complaint, he "has been incarcerated since the date of the accident." [ECF 2 at 4]. On April 3, 2024, Mr. Nelson alleges he contacted Esurance, presumably to assert a claim for his accident-related injuries. [*Id.*] He alleges Esurance informed him "that on or about 3-17-22, the Law Firm of Lewis and Keller from North Carolina gave Esurance a signed release from [him] to settle the claim[.]" [*Id*].

---

[2] To avoid confusion, the Court refers to Plaintiff Kenneth B. Nelson as "Mr. Nelson" and Gary Nelson by his full name hereinafter.

Shortly thereafter, on April 5, 2024, Mr. Nelson alleges he contacted Lewis & Keller "and was informed that Gary Nelson presented them with a signed Power of Attorney[.]" [*Id.*]. He further alleges he was informed "there was a signed release by the Plaintiff to settle the claim." [*Id.*]. He alleges, however, he "did at no time sign any release." [*Id.*]. As a result of these allegations, Mr. Nelson seeks "[c]ompensation for pain suffering [*sic*], emotional and mental distress, hospital bills, ambulance bills, and cost of suit" and "[a]ny other relief this Court deems proper." [*Id.*]. Mr. Nelson did not attach the release, nor the POA to his Complaint. Both documents, however, are attached to Defendants' Motions to Dismiss and may be considered at this stage inasmuch as they are integral to the Complaint. [*See*, ECF 9-1; ECF 15 at 5-10].

On October 18, 2024, Esurance moved to dismiss. [ECF 15]. Esurance's supporting contentions are set forth in detail in the Magistrate Judge's PF&R. [*See, e.g.*, ECF 33 at 6-7]. Reduced to its essence, Esurance asserts dismissal is warranted given the absence of allegations (1) that Mr. Nelson did not execute the POA document designating Gary Nelson[3] to act on his behalf during his incarceration, and (2) negating Esurance's justifiable reliance on Lewis & Keller's representation of Mr. Nelson and that his claim had been settled pursuant to the release signed by Gary Nelson, accompanied by Gary Nelson's presumptively valid POA designation, signed by Mr. Nelson. [ECF 16 at 1, 5-6].

Mr. Nelson responds (1) he never hired Lewis & Keller for representation, (2) he never consented to settle a claim with Esurance or Lewis & Keller, (3) Esurance relied on a "false representation" by Lewis & Keller [ECF 38 at ¶ 7], (4) the POA "is a fraudulent document" and any responsible individual or entity "would not have accepted the instrument as 'true' for there is

---

[3] Instead, Mr. Nelson only alleges he did not sign the release. [*See, e.g.*, ECF 2 at 4 ("Plaintiff Kenneth B. Nelson did at no time sign any release.")].

blackout or/is missing information[4] in its first paragraph," [*Id*. at ¶ 8], and (5) Esurance "should not have accepted a contractual obligation signed from a Third Party." [*Id*. at ¶ 9].

The West Virginia Uniform Power of Attorney Act pertinently provides "[a] person who in good faith accepts an acknowledged power of attorney *without actual knowledge that the signature is not genuine* may rely upon the presumption under the provisions of section one hundred five[5] of this article that the signature is genuine." W. Va. Code § 39B-1-119(b) (emphasis added); *see also* W. Va. § 39B-1-119(c) ("A person who in good faith accepts an acknowledged power of attorney without actual knowledge that the power of attorney is void, invalid or terminated . . . may rely upon the power of attorney as if the power of attorney were genuine, valid and still in effect[.]"); *ANFM v. Shanklin on behalf of Est. of Nelson*, 241 W. Va. 56, 62-63, 818 S.E.2d 882, 888-89 (2018).

Even assuming the POA is invalid as Mr. Nelson persists, neither his Complaint, nor response present any allegations Esurance possessed actual knowledge his signature thereon was fraudulent. While he asserts any reasonable individual would not have accepted the POA as

---

[4] Mr. Nelson's reference to "blackout" or "missing information" in the POA appears to be nothing more than a space separating the incomplete sentence that makes up the first paragraph and the second paragraph, which completes the prior sentence. Specifically, the first paragraph provides "Know All Men By these Present, that I, Kenneth Bernard Nelson, of Virginia, West Virginia do by these present hereby, make, constitute and appoint Gary Nelson of [address]," at which point, the second paragraph begins by completing the prior sentence, stating "my true and lawful Attorney In Fact for me." [ECF 15 at 7]. The Court further notes the POA contains a dated recording stamp from the Cabell County Clerk, and the notary public stamp of John E. Clegg, containing the address of the Western Regional Jail, the facility where Mr. Nelson was purportedly incarcerated at the time of the POA's execution in August 2021. [*Id*.].

[5] Section 105 provides "[a] power of attorney must be signed by the principal or in the principal's conscious presence by another individual directed by the principal to sign the principal's name on the power of attorney and must be acknowledged by the principal before a notary public or other individual authorized by law to take acknowledgments." W. Va. Code § 39B-1-105.

true, that assertion falls well-short of the factual allegations necessary to impart actual knowledge and/or bad faith on Esurance. Mr. Nelson's claims against Esurance thus fail as a matter of law. Accordingly, Esurance's Motion to Dismiss [**ECF 15**] is **GRANTED**.

C.     *Mr. Nelson's Objections*

For the same reasons espoused above, Magistrate Judge Tinsley recommended dismissal of Mr. Nelson's claims against Lewis & Keller [ECF 33 at 11-14], to which Mr. Nelson objects. [ECF 35]. His objections, however, are largely reiterations of the same assertions previously raised and rejected in the PF&R. Mr. Nelson continues to contest the validity of the POA [*Id*. at 1-2] yet fails to allege Lewis & Keller acted in bad faith and/or possessed actual knowledge the POA was fraudulent when it settled Mr. Nelson's claims with Esurance.

To the extent Mr. Nelson relies on *State ex rel. Key v. Bond*., 94 W. Va. 255, 118 S.E. 276 (1923) and *Gallagher v. Allstate Ins. Co.*, 74 F. Supp. 2d 652 (N.D.W. Va. 1999) in support of his contention Lewis & Keller "should not have created a contract with an Agent for a Principal," his reliance is misplaced. [ECF 35 at 2]. Indeed, *Bond* and *Gallagher* are inapposite in both law and fact. The Court finds no error in the Magistrate Judge's conclusion that Lewis & Keller is entitled to dismissal with prejudice. Mr. Nelson's objections are thus **OVERRULED**.

### III.

Based on the foregoing discussion, the Court **GRANTS** Esurance's Motion to Dismiss [**ECF 15**], **OVERRULES** Mr. Nelson's objections [**ECF 35**], **ADOPTS** the PF&R [**ECF 33**] as to Mr. Nelson's claims against Lewis & Keller, **GRANTS** Lewis & Kellers' Motion to Dismiss [**ECF 9**], **DISMISSES WITH PREJUDICE** Mr. Nelson's Complaint [**ECF 2**], and **REMOVES** this matter from the docket.[6]

---

[6] Given these rulings, Mr. Nelson's request for appointment of counsel [ECF 38 at ¶ 10]

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: September 19, 2025

Frank W. Volk
Chief United States District Judge

---

is **DENIED AS MOOT**.